

IN THE
TENTH COURT OF APPEALS

No. 10-14-00050-CV

IN THE INTEREST OF D.H., D.H., N.H., AND H.H., CHILDREN

From the 74th District Court
McLennan County, Texas
Trial Court No. 2012-4969-3

## MEMORANDUM OPINION

William H. appeals from the termination of his parental rights to his two children, N.H. and H.H.  In his sole issue, William complains that the evidence was legally insufficient to support the trial court's finding that termination of his parental rights was in the children's best interest.  Because we find that the evidence was legally sufficient, we affirm the judgment of the trial court.[1]

*Legal Sufficiency*

William complains that the evidence was legally insufficient for the trial court to have found that terminating his parental rights was in the children's best interest

---

[1] Lacresha, the mother of all four of the children signed an affidavit of relinquishment of parental rights and her parental rights were terminated.  The parental rights of the father of D.H. and D.H. were also terminated.  Neither parent is a party to this appeal.

because he had completed a substantial part of his parenting plan, was bonded with his infant children, had a stable job, and had a stable residence with his ex-wife, who was not the mother of N.H. and H.H.

When the legal sufficiency of the evidence is challenged, we look at all the evidence in the light most favorable to the trial court's finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009). "To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id*. "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id*. "If, after conducting its legal sufficiency review of the record evidence, a court determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, then that court must conclude that the evidence is legally insufficient." *Id*. at 344-45.

In determining whether termination of William's parental rights was in the children's best interest, we consider the well-established Holley factors. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). There is no requirement that the Department

prove all these factors as a condition precedent to parental termination, and the absence of evidence about some factors does not preclude a factfinder from reasonably forming a strong conviction that termination is in the children's best interest. *See In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Evidence establishing one of the predicate grounds under section 161.001(1) also may be relevant to determining the best interest of the child. *See In re C.H.*, 89 S.W.3d at 27-28.

N.H. and H.H., twin girls, were removed from the care of William and Lacresha because of allegations of domestic violence between William and Lacresha. Lacresha told the investigating caseworker that William had dropped H.H. during an altercation. H.H. was an infant at the time. There were other allegations of domestic violence that were witnessed by the older children in the home. William has a fairly extensive criminal history for primarily domestic violence-related cases and spent time in jail twice during the pendency of the case, once receiving time served for a class C assault charge.

William admitted to residing in multiple locations during the pendency of the case, including his stints in jail, and was currently residing with his ex-wife, Jana, and her three older children in a two-bedroom apartment. Although he did complete parenting classes and anger management in his service plan, William did not pay any of his court-ordered child support during the pendency of the case because he felt that since the Department had the children it was not necessary. William's driver's license

had been suspended yet he continued to drive, even though he knew that it could result in another arrest.

During the pendency of the case, Dr. Shinder completed two psychological evaluations of William and also was William's therapist and provider of parenting and anger management classes. Shinder testified that William suffers from antisocial personality disorder, was found to have high levels of verbal aggression and hostility, and also shows a significant problem with "blame externalization." Shinder explained that William blames others for his problems, does not learn from his mistakes, and has great difficulty in social interactions. Shinder was concerned that because of these issues, William would be unable to work with physicians, teachers, and other professionals as needed with N.H. and H.H., who were born prematurely. Shinder stated that William would also be unlikely to follow recommendations of those individuals. Shinder's opinion was that "the bottom line reality is [William] cannot independently care for [N.H. and H.H.]."

N.H. and H.H. were in a relative placement in a licensed foster home with their siblings, D.H. and D.H. N.H. and H.H. had improved significantly and were very bonded with their foster parents. The foster parents were interested in adopting N.H. and H.H. and the Department's recommendation was that William's parental rights be terminated so that the foster parents could adopt them.

Viewing all of the evidence in the light most favorable to the trial court's finding that termination was in the children's best interest, we find that a reasonable trier of fact could have formed a firm belief or conviction that termination of William's parental rights was in the best interest of the children. *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009). The evidence was legally sufficient to support the trial court's finding. We overrule William's sole issue.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed May 8, 2014
[CV06]